UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 11-3-DLB

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                           REPORT AND RECOMMENDATION

BRIAN J. McENENY                                                     DEFENDANT

* * * * * * * * * *

On January 11, 2013, this matter came before the Court for hearing on an alleged violation of supervised release condition by Defendant Brian J. McEneny, as reported by the U.S. Probation Office. (*See* R. 94). At that hearing, Defendant made an oral motion for an extension of time to prepare for the final revocation hearing, specifically for purposes of sentencing. The Court granted this motion and continued the matter until January 17, 2013. At both hearings, Defendant was present in Court and represented by J. Stephen Smith; the United States was represented by Assistant United States Attorney (AUSA) Jason A. Denney. The proceedings were electronically recorded.

Upon call of this matter at the continued hearing, Defendant pleaded guilty to the charge. After hearing from counsel and the Defendant, the matter was taken under submission by the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). For the reasons that follow, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to a term of imprisonment of three months, with no supervised release to follow.

## I.      PROCEDURAL BACKGROUND

On March 25, 2011, Defendant pleaded guilty to conspiring to knowingly and willfully steal United States property, a violation of 18 U.S.C. § 371.  (R. 38).  On June 24, 2011, the United States District Court for the Eastern District of Kentucky sentenced Defendant to twelve months and one day of imprisonment, and a $100 special assessment.  (R. 58).  Defendant's sentence also included three years of supervised release.  Defendant was released from imprisonment to begin his three-year term of supervised release on September 8, 2011.   Under a special condition of his supervised release, Defendant was released to the Talbert House.  (*Id.*).

Defendant was arrested on November 22, 2011, for allegedly violating terms of his supervised release. (R. 79).  At his initial appearance that same day, Defendant pleaded guilty to the violations as charged in the November 14, 2011, Violation Report of the U.S. Probation Office. (*See* R. 80).[1]  On December 15, 2011, the presiding District Judge adopted this Court's Report and Recommendation, revoking Defendant's supervised release and sentencing Defendant to twelve months and one day imprisonment, to be followed by one year and 364 days of supervised release. (R. 87).  That Order also preserved all of the previously imposed special conditions of supervised release, including that Defendant reside in a halfway house for six (6) months of his supervised release.

Defendant was released from custody on October 5, 2012, to the Talbert House to begin his six-month period of residency in a halfway house.  But on December 28, 2012, a Petition was filed by the U.S. Probation Office seeking an arrest warrant for Defendant's alleged failure to comply with

---

[1]Review of the case docket sheet reflects this November 14, 2011, Violation Report was not filed in the record at the time of the previous revocation proceedings.  It will now be filed under seal for purposes of completeness of the record for final review by the presiding District Judge.

supervised release conditions. (R. 89). Issuance of an arrest warrant was ordered, and on January 7, 2013, Defendant was again arrested for violating a term of his supervised release. (*See* R. 93).

Defendant now stands before the Court charged with violating the special condition of his supervised release that requires him to reside in a halfway house for a period of six (6) months. This charged violation was presented to the Court by Supervised Release Violation Report of January 8, 2013.[2] The violation arises out of Defendant's failure to report and return to the Talbert House on December 27, 2012, after he had been granted permission earlier that day to leave to attend an interview and was supposed to return to the facility mid-afternoon.

At the final hearing on this charged violation, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge imposing the final sentence was not obligated to impose the sentence recommended by the undersigned. Defendant acknowledged his understanding and stated he wished to stipulate to the violation and proceed to discuss sentencing. Accordingly, after being placed under oath, Defendant admitted and entered a guilty plea to the violation of his supervised release as set out in the January 8, 2013, Violation Report of the U.S. Probation Officer. Defendant did not waive his right to allocution.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending charge, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his

---

[2]This January 8, 2013, Violation Report is also filed under seal contemporaneous with the filing of this Report and Recommendation, to complete the record for this revocation proceeding.

admissions regarding the charges, and that he enters his guilty plea knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the allegations, the undersigned finds and will recommend that the District Court find that Defendant has violated the special condition of his supervised release as charged.  This, then, takes us to the issue of sentencing.

## II.   SENTENCING

### A.   Legal standard and sentencing guidelines

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  The sentencing court is to consider:

1.   The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.   The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.   The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.   The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

4

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).   In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* U.S.S.G. Ch. 7, Pt. B, and the factors set out in 18 U.S.C. § 3553(a) must be considered.   The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

Here, the classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release.   *See* 18 U.S.C. § 3583(e)(3).   United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of six to twelve months, based upon Defendant's criminal history category of IV and the violation as admitted by him being that of a Grade C violation.   Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation.   Under the statute, the maximum term of further supervised release that could be imposed would be three years, less any term of imprisonment imposed upon revocation of his supervised release.   *See* 18 U.S.C. § 3583(h).

### B.   Summary of the arguments regarding sentencing

Defendant and the United States disagree as to an appropriate sentence for this violation. The Probation Office recommends Defendant be sentenced to some term of imprisonment, with no supervised release to follow.   Defense counsel advocated that Defendant be sentenced to minimal jail time, if any, emphasizing that what would be most beneficial to Defendant would be continued participation in a residential transition facility.   Counsel noted that Defendant is on probation in Hamilton County, Ohio until August 29, 2013; explained that Hamilton County utilizes a program known as Volunteers of America, which assists people as they transition from the penal system to

the community; and therefore urged the Court to minimize Defendant's jail time so that he could take advantage of this program. Counsel also indicated that if Defendant should complete any maximum residence period provided by the Volunteers of America prior to the expiration of his supervision by Hamilton County, he could and would be willing to participate in a Sober Living program, which is active in both Ohio and Kentucky.

Defendant then asked that he be allowed to address the Court. He said that he had been sober since November 19, 2011, which he said was remarkable since he had experienced substance abuse issues for approximately ten to fifteen years. He asked that the Court take this into consideration, regardless of the program that the Court determined would be beneficial for him.

AUSA Denney stated that the Government was "torn" as to what Defendant's sentence should be. On the one hand, there was no legitimate basis for a downward departure from the sentencing guidelines because Defendant has now violated his probation twice. Additionally, the Government noted that the original sentence placed Defendant under federal supervised release conditions for three years, that is, through September 2014. The Government argues that, after two violations of supervised release conditions, Defendant should not see a reduction in the time period Defendant expected to be under supervised release. But the Government also acknowledged that it would be reasonable for the Court to terminate federal supervision, since the U.S. Probation Office supports having Defendant participate in the Hamilton County transition program following a period of incarceration.

## III.    ANALYSIS AND RECOMMENDATION

Upon consideration, the undersigned recommends that Defendant be sentenced to three months' incarceration with no supervised release to follow. Section 7B1.3(a)(2) of the Sentencing

Guidelines states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. Revocation is appropriate here. Defense counsel argued that incarceration will only serve to remove Defendant from society and will not assist in his treatment and transition into the community while maintaining his sobriety. The duration of Defendant's sobriety is a positive outcome beneficial to Defendant and certainly a necessary first step for him to make an effective transition back into the community. However, the Court cannot ignore Defendant's repeated refusal to abide by the conditions of his release. His prior admitted violations consisted of failing to follow the instructions of the probation officer, failing to complete a six-month halfway house program, and drug usage. Defendant has refused to incorporate the lessons learned from prior violations and again is charged with similar behavior in being unable to comply with the halfway house rules. Defendant's behavior has resulted in further violation and he has again breached the trust associated with supervised release. Sanctioning this breach of trust is the fundamental principle underlying sentencing for supervised release violations. *See United States v. Branch,* No. 09-1996, 2010 WL 5423743, at *3 (6th Cir. Dec. 28, 2010) (citing U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b)).

A three month period of incarceration is recommended. While the guideline range under § 7B1.4(a) is six to twelve months, three months is a sufficient punishment for Defendant's repeated refusal to abide by the conditions of his release, particularly when compared with his prior revocation which involved multiple violations, one of which was drug use. Although the recommended minimum term under § 7B1.4 is six months, the Guidelines are advisory only, *United States v. Sparks,* 19 F.3d 1099, 1101 (6th Cir. 1994), including the Revocation Table of the Sentencing Guidelines. *See United States v. Perez-Arellano,* 212 F. App'x 436, 438 (6th Cir. 2007)

("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (quoting *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir. 1999)).

Moreover, § 7B1.3(c)(1) of the Guidelines notes that in circumstances of a C violation, where the minimum term of imprisonment is not more than six months as is the case here, the minimum term can be satisfied by "(B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . for any portion of the minimum term[.]" Although an additional three month term of supervised release with condition of community confinement is not being recommended here, that is because of Defendant's likely placement in a community living arrangement and further oversight by Hamilton County, Ohio probation officials after he completes his three month term of incarceration imposed by this Court. The U.S. Probation Office has provided supervision and oversight to Defendant, and all available community resources have been used to assist Defendant. His past history indicates that he has not sought to take advantage of the benefits of this federal oversight and, with Hamilton County's supervision of him until August 2013, further federal probationary oversight would essentially have nothing more to offer him. To his credit, Defendant has been sober for over a year, but he now needs to accept responsibility for transitioning back into society by following the program rules of a halfway house or transition facility. This program placement and oversight will be provided by Hamilton County, but ultimately Defendant's successful transition must come from his own volition.

Accordingly, the undersigned being satisfied from dialogue with Defendant McEneny that he understands the nature of the charges currently pending, has had ample opportunity to consult

with counsel, and enters his admissions of the violation knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory guidelines, Defendant's criminal history, lifestyle, and the arguments of counsel,

**IT IS RECOMMENDED** that:

(1)     Defendant Brian J. McEneny be found to have **violated** the special condition of his supervised release as set out in the January 8, 2013, Supervised Release Violation Report;

(2)     Defendant's supervised release be **revoked;**

(3)     Defendant be **sentenced** to the custody of the Attorney General for a period of **three months, with no supervised release to follow;**

(4)     Defendant be ordered to pay his special assessment as previously imposed by this Court in its sentencing on the underlying offense, the balance for which remains $100; and,

(5)     Having preserved his right to allocution, absent Defendant filing a waiver of allocution within fourteen (14) days of this Report and Recommendation, he should be given the opportunity to allocute before the presiding District Judge prior to sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir.), *aff'd*, 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Dated this 23rd day of January, 2013.



**Signed By:**

_Candace J. Smith_

**United States Magistrate Judge**